UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 26-23285-CIV-SINGHAL

ALEXIS MORENO GONZALEZ,

      Petitioner,

v.

WARDEN, KROME NORTH SERVICE
PROCESSING CENTER, *et al.,*

      Respondents.

_____/

## **ORDER**

Petitioner Alexis Moreno Gonzalez, a Cuban national, entered the United States in 2007. (DE [9-1]). Immigration officials determined he was inadmissible but paroled him into the country. *Id.* In 2018, Petitioner was encountered by immigration officials while he was in jail for battery. (DE [9-3] ¶ 9). He was issued a Notice to Appear, (DE [9-5]) and was ordered removed to Cuba. (DE [9-6]). Petitioner was not removed immediately, and instead he was released under an Order of Supervision. (DE [9-7]). In September 2024, Petitioner pled guilty to one count of grand theft of a motor vehicle. (DE [9-8]). In March 2026, Petitioner was encountered while in jail yet again, pending larceny charges. (DE [9-9]). The Department of Homeland Security ("DHS") issued a detainer for Petitioner while his larceny charges awaited disposition, *id.*, and Petitioner ultimately was taken into DHS custody on April 28, 2026. (DE [9-10]). DHS also issued a warrant for Petitioner's removal. (DE [9-12]). Petitioner filed the present Petition for Writ of Habeas Corpus (DE [1]), and the government responded, (DE [9]). DHS has revoked Petitioner's order of supervision for violating the conditions of his supervised release via

1

the larceny charges.[1]   DHS also gave Petitioner an informal interview and chance to respond to the reasons for revocation.  Because Petitioner is not entitled to release or a bond redetermination under 8 U.S.C. § 1231, his Petition (DE [1]) is denied.

## I.   LEGAL STANDARDS

District courts have authority to grant writs of habeas corpus.  28 U.S.C. § 2241(a). Habeas corpus is fundamentally "a remedy for unlawful executive detention."  *Munaf v. Geren*, 553 U.S. 674, 693 (2008) (citation omitted).  A writ may be issued to a petitioner who demonstrates that he is being held in custody in violation of the Constitution or federal law.  *See* 28 U.S.C. § 2241(c)(3).  The court's jurisdiction extends to challenges involving immigration-related detention.  *Zadvydas v. Davis*, 533 U.S. 678, 687 (2001).

## II.   DISCUSSION

Petitioner is under a final order of removal, (DE [9]), so his detention is governed by 8 U.S.C. § 1231.  Under § 1231, aliens subject to orders of removal can be detained for 90 days pending removal.  § 1231(a)(1), (2).  This period can be extended in certain circumstances.  § 1231(a)(6).  If the alien is not removed within the removal period, the alien must be released under an order of supervision.  § 1231(a)(3).  But supervision can be revoked if the alien violates the terms of release.  8 C.F.R. § 241.4(l).  Upon revocation, the alien is entitled to an informal interview to respond to the reasons for revocation.  § 241.4(l)(1).  If the alien is not released after the initial interview, a more formal review commences, and another interview is scheduled for approximately three months after the date of revocation.  § 241.4(l)(3).

Here, Petitioner was released under an order of supervision, but he violated the

---

[1] Although not a stated reason in the Notice of Revocation, (DE [9-13]), Petitioner also violated the conditions of his release when he pled guilty to grand theft.  *See* (DE [9-8]).

conditions of his release, and his supervision was revoked on May 19, 2026. He was given an informal interview but was not released. The regulations presume that an alien in Petitioner's position could be detained for at least three months more. *See* § 241.4(l)(3). Under the Immigration and Nationality Act and its regulations, Petitioner's current detention is lawful.

Petitioner argues that his detention violates due process. But he's wrong because had due process and more. And "the Government may constitutionally detain deportable aliens during the limited period necessary for their removal proceedings." *Demore v. Kim*, 538 U.S. 510, 526 (2003). "[D]eportation proceedings 'would be [in] vain if those accused could not be held in custody pending the inquiry into their true character.'" *Id.* (quoting *Wong Wing v. United States*, 163 U.S. 228, 235 (1896)).

As for the length of Petitioner's detention, the government may detain "deportable aliens during the limited period necessary for their removal proceedings." *Id.* The government may also detain aliens post-removal order as long as is "reasonably necessary to secure removal." *Zadvydas,* 533 U.S. at 699. Detention up to six months is presumed reasonable. *Id.* at 701. Petitioner's current detention started on April 28, 2026—less than a month ago—so it is presumed reasonable. Petitioner also does not provide any reason to believe he will not be removed in the "reasonably foreseeable future." *See id.* Petitioner's detention does not violate due process.[2]

III.     CONCLUSION

Petitioner's detention is lawful under 8 U.S.C. § 1231 and subsequent regulations,

---

[2] Petitioner also should not presume that at the six month point he will be automatically released. Upon consideration of whether Petitioner is a danger to the community or a flight risk, an Immigration Judge may conclude that Petitioner's crimes of violence and theft suggest he is either or both.

and his detention does not violate due process.   Accordingly, it is hereby **ORDERED AND ADJUDGED** that the Petition (DE [1]) is **DENIED.**

The Clerk's Office is directed to **CLOSE THIS CASE** and deny any pending Motions as moot.

**DONE AND ORDERED** in Chambers, Fort Lauderdale, Florida, this 26th day of May 2026.

RAAG SINGHAL
UNITED STATES DISTRICT JUDGE

Copies to counsel of record via CM/ECF